STATE EX REL. HERMANN and another, Appellants, vs. MADISON GAS & ELECTRIC COMPANY, Respondent.

*April 1—May 5, 1953.*

For the appellants there was a brief by *Arthur, Dewa, Nestingen & Tomlinson* of Madison, and oral argument by *Robert W. Arthur* and *Ivan A. Nestingen*.

For the respondent there was a brief by *Rieser, Mathys, McNamara & Stafford* of Madison, and oral argument by *Robert M. Rieser.*

MARTIN, J.    There is no question that plaintiffs are such contractors as are contemplated by sec. 66.047, Stats., which provides:

"No contractor having a contract for any work upon, over, along, or under any public street or highway shall interfere with, destroy, or disturb the structures of any public service corporation encountered in the performance of such work so as to interrupt, impair, or affect the public service for which such structures may be used, without first procuring written authority from the commissioner of public works, or other properly constituted authority. It shall, however, be the duty of every public service corporation, whenever a temporary protection of, or temporary change in, its structures, located upon, over, along, or under the surface of any public street or highway is deemed by the commissioner of public works, or other such duly constituted authority, to be reasonably necessary to enable the accomplishment of such work, to so temporarily protect or change its said structures; provided, that such contractor shall give at least two days' notice of such required temporary protection or temporary change to such corporation, and shall pay or assure to such corporation the reasonable cost thereof, except when such corporation is properly liable therefor under the law, . . ."

Plaintiffs contend, however, that they are not required under the statute to "pay or assure to such corporation the reasonable cost" of temporary protection of, or change in, the defendant's structures because all that is required of the defendant's workmen is the raising of the wires, which would not "destroy or disturb" the structures or "interrupt, impair, or affect" the public service for which such structures are used.

There is no merit to the argument. The statute certainly contemplates such work as house moving. It requires that

defendant have its men on the scene to see that its service to the public is not interrupted, impaired, or affected. It is conceivable that the duty of providing the temporary protection might require no more than that the men accompany the moving operation and never touch a wire or a pole. Yet the statute says that the contractor "shall pay or assure to such corporation the reasonable cost thereof."

Plaintiffs cite several Kansas cases which hold that advance deposits to the utility are illegal, but they are not applicable here since the Kansas statute provides for equal apportionment of the expenses. Under sec. 66.047, Stats., the contractor is liable to the public service corporation for the entire reasonable cost. Plaintiffs do not contend that defendant's charges are or will be unreasonable.

Defendant operates as a public utility in Madison and vicinity under a general franchise and its duties and obligations are prescribed by statute. It must erect and maintain its structures in such a manner as not to interfere with the usual and ordinary use of the streets and highways. House moving does not constitute usual and ordinary use of the streets, however, as recognized by the legislature when it provided that such moving be done only with the permission of the municipal board of public works. Sec. 62.14 (6) (b), Stats. In enacting sec. 66.047 it has also recognized that the utility, in discharging the duties therein placed upon it, arising out of a contractor's use of the streets in moving a building, will incur expenses in labor and material which inure to the benefit of the contractor rather than the public; and has thus provided that the contractor should pay such expenses. If, as plaintiffs contend, defendant should be required to temporarily change or protect its wires at its own expense, the cost of doing so would of necessity be reflected in a higher rate for electric service to defendant's customers, the public.

We see no reason why the defendant may not require the advance deposit of an amount estimated to cover its reason-

able costs and provide that an adjustment be made when the work is completed and the actual costs are ascertained.

The question is also raised whether defendant may require plaintiffs to assume the liability for workmen's compensation on defendant's men and on claims of third parties arising out of the work done by such employees in connection with the moving operations. Without such insurance by the plaintiffs, defendant's liability on claims would result in loss to the defendant or be charged to its consumers. Whether or not such liability would arise could not be determined until the moving is completed. But in our opinion, the language of sec. 66.047, Stats., covers such costs and the defendant is entitled to be assured for any reasonable loss that might be charged against it growing out of the moving operations of the plaintiffs.

Counsel have argued the jurisdiction of the public service commission in this matter, but the record does not show that the commission has issued any orders with respect to this situation or that any such orders are violated. Since plaintiffs do not attack the reasonableness of the charges, we have only the question whether the contract submitted by defendant is authorized under sec. 66.047, Stats., and we hold that it is.

*By the Court.*—Judgment affirmed.